UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6188-CR-ZLOCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

YAAKOV ASSARAF,

    Defendant,

  and

GRANITE STATE INSURANCE CO.,

    Corporate Surety,

  and

LEORNI SAFRA

    Personal Surities.
_____/

**MOTION FOR REVOCATION AND ESTREATURE AND FOR ENTRY
OF A FINAL JUDGMENT OF FORFEITURE OF APPEARANCE BONDS**

Plaintiff, United States of America, by and through the undersigned Assistant United States Attorney for the Southern District of Florida, moves for entry of an Order from this Court to revoke and estreat the appearance bonds and to enter a Final Judgment of Forfeiture of Appearance Bonds in favor of plaintiff and against defendant Yaakov Assaraf and Granite State Insurance Company, corporate surety, in the amount of $10,000, and personal sureties against defendant Yaakov Assaraf and Leorni Safra in the

amount of $50,000. In further support, plaintiff submits the following Memorandum of Law.

## MEMORANDUM OF LAW

### REQUEST FOR ESTREATURE

1. On August 8, 2000, defendant Yaakov Assaraf and Granite State Insurance Company, executed a corporate surety appearance bond on behalf of the defendant in the sum of $10,000 to guarantee the defendant's appearance as ordered by the Court.

2. On August 8, 2000, defendant Yaakov Assaraf and Leorni Safra executed a personal surety appearance bond on behalf of the defendant in the sum of $50,000 to guarantee the defendant's appearance as ordered by the Court.

3. The defendant Yaakov Assaraf has not honored the terms of the appearance bonds in that Yaakov Assaraf failed to appear to pre-trial services and to appear for sentencing as ordered by the court.

4. An arrest warrant was issued and the defendant Yaakov Assaraf remains a fugitive, but it does not formally appear from the record that an order revoking and estreating the appearance bonds was entered.

5. The provisions of Fed. R. Crim. P. 46(e)(1), provide that: "If there is a breach of condition of a bond, the district court shall declare a forfeiture of the bail." It has been held that the revocation or forfeiture required by these provisions is mandatory, even though it may later be set aside under the further provisions of paragraph (e). United States v. Stanley, 601 F.2d

380 (9th Cir. 1979); <u>Smith v. United States</u>, 357 F.2d 486, 490 (5th Cir. 1966); Wright, <u>Federal Practice & Procedure</u>: Criminal 2d §776. No notice to the defendant or surety concerning the failure to appear or action for estreature is required, even though such notice is required in connection with a subsequent motion for appearance bond forfeiture judgment. <u>United States v. Vera-Estrada</u>, 577 F.2d 598 (9th Cir. 1979); <u>United States v. Marquez</u>, 564 F.2d 379, 381 (10th Cir. 1977).

6. Plaintiff therefore moves for entry of an Order by this Court to revoke and estreat the appearance bonds as to the defendant and sureties.

### REQUEST FOR BOND FORFEITURE JUDGMENT

7. The provisions of <u>Fed. R. Crim. P.</u> 46(e)(3) permit the Court, upon motion, to enter judgment as to any bond previously estreated and not subsequently set aside, and further provides that the obligors on the bond submit to jurisdiction and irrevocably appoint the Clerk of Court their agent for service of process when they execute the bond.

8. Upon the failure of any defendant to appear as directed by the Court, the provisions of 18 U.S.C. § 3146(d) permit the Court to declare forfeit to the United States any property posted or pledged to secure an appearance bond executed under the provisions of 18 U.S.C. §§ 3142(b), 3142(c)(1)(B)(xi) or (xii).

9. It is clear that upon failure of a bailed defendant to appear as required, the surety becomes absolutely obligated to the United States for the full amount of the bond, and that the

government is not required in its motion to prove the amount of its expenses as a result of the breach. <u>United States v. Foster</u>, 417 F.2d 1254, 1256 (7th Cir. 1969); <u>United States v. Caro</u>, 56 F.R.D. 16, 20 (S.D. Fl. 1972); Wright, <u>Federal Practice and Procedure</u>: Criminal 2d § 776.

**WHEREFORE**, the United States of America moves for entry of an Order from this Court which enters a Final Judgment of Forfeiture of Appearance Bonds as to the aforesaid defendant and sureties in the sums of $10,000 as to the corporate surety and $50,000 as to the personal surety, together with interest, as prescribed by 28 U.S.C. § 1961, and the costs of this action.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

BY: *Laurie E. Rucoba*
LAURIE E. RUCOBA
ASSISTANT UNITED STATES ATTORNEY
Court No. A5500052
500 E. Broward Blvd., 7th Floor
Ft. Lauderdale, Florida 33394
Telephone (954) 356-7255
Fax No. (954) 356-7336

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 18th day of October 2001, to:

Yaakov Asaraf, 3591 Inverarry Blvd. West, Lauderhill, Florida 33319
Leorni Safra, 3591 Inverarry Blvd. West, Lauderhill, Florida 33319
Jean Achille, Agent for Granite State Insurance Company, 39120 Argonavt Way, Ste. 167, Freemont, CA 94538
Granite State Insurance Company, Att: Bond Dept., 39120 Argonavt Way, Ste. 167, Freemont, CA 94538

_Laurie E. Rucoba_
LAURIE E. RUCOBA
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6188-CR-ZLOCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

YAAKOV ASSARAF,

    Defendant,

  and

Granite State Insurance Company,

    Corporate Surety,

  and

Leorni Safra

    Personal Surety.

_____/

## ORDER REVOKING SURETY AND ESTREATING APPEARANCE BONDS

    THIS MATTER is before the Court on the United States' Motion for revocation and estreature of the corporate surety appearance bond of defendant Yaakov Assaraf and Granite State Insurance Company in the sum of $10,000, and the personal surety appearance bond of defendant Yaakov Assaraf and Leorni Safra in the sum of $50,000, and is amply supported by the records of this Court; therefore, it is

**ORDERED AND ADJUDGED** that the appearance bonds of defendant Yaakov Assaraf in the sums of $50,000 Personal Surety Bond and $10,000 Corporate Surety Bond, plus interest, if any, are hereby revoked and estreated.

**DONE AND ORDERED** in Chambers in Ft. Lauderdale, Florida, this \_\_\_\_\_ day of_____, 2001

_____
WILLIAM J. ZLOCH
UNITED STATES DISTRICT JUDGE

cc:

AUSA LAURIE E. RUCOBA/Victoria Fallick
AUSA Elizabeth Stein
Yaakov Assaraf, 3591 Inverarry Blvd. West, Lauderhill, Florida 33319
Leorni Safra, 3591 Inverarry Blvd. West, Lauderhill, Florida 33319
Jean Achille, Agent for Granite State Insurance Company, 39120 Agonavt Way, Ste. 167, Freemont, CA 94538
Granite State Insurance Company, Att: Bond Dept., 39120 Agonavt Way, Ste. 167, Freemont, CA 94538

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6188-CR-ZLOCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

YAAKOV ASSARAF,

    Defendant,

  and

Granite State Insurance Company,

    Corporate Surety,

  and

LEORNI SAFRA

    Personal Surety.

_____/

### FINAL JUDGMENT OF FORFEITURE OF APPEARANCE BONDS

THIS MATTER is before the Court on the United States' Motion for a Final Judgment of Forfeiture of Appearance Bonds against defendant Yaakov Assaraf as to the sureties Granite State Insurance Company, corporate surety, in the amount of $10,000, and personal sureties Yaakov Assaraf and Leorni Safra in the amount of $50,000. The United States seeks to forfeit the appearance bonds posted with this Court in the sum of $10,000 as to the corporate surety bond

and $50,000 as to the personal surety bond, plus accrued interest, if any, respectively, and the Court having noted the previous revocation and estreature of said appearance bonds, and having found no basis for exonerating or remitting the bonds, it is

**ORDERED AND ADJUDGED** that plaintiff United States of America have judgment against defendant Yaakov Assaraf and Granite State Insurance Company in the sum of $10,000 as to the corporate surety bond, and against defendant Yaakov Assaraf and Leorni Safra, in the sum of $50,000 as to the personal surety bond, respectively, together with interest thereon from the date of this judgment as prescribed by 28 U.S.C. § 1961; and it is further,

**ORDERED AND ADJUDGED** that any and all monies or things of value deposited with the Registry Fund Account of the Clerk of Court as security for the aforesaid bonds shall be forthwith transferred to the Treasury of the United States in accordance with 28 U.S.C. §§ 2042 and 2043; and it is further

**ORDERED AND ADJUDGED** that any and all real or personal property, wherever situated and in whomsoever's custody it may be, pledged or granted to the United States to secure payment of the aforesaid bonds, is hereby forfeited to the United States and subject to disposition according to law.

**DONE AND ORDERED** in Chambers in Ft. Lauderdale, Florida, this ____ day of_____,2001.

```
_____
WILLIAM J. ZLOCH
UNITED STATES DISTRICT JUDGE
```

cc:

AUSA Laurie E. Rucoba/Victoria Fallick
AUSA Elizabeth Stein (**two certified copies**)
Yaakov Assaraf, 3591 Inverarry Blvd. West, Lauderhill, Florida 33319
Leorni Safra, 3591 Inverarry Blvd. West, Lauderhill, Florida 33319
Jean Achille, Agent for Granite State Insurance Company, 39120 Agonavt Way, Ste. 167, Freemont, CA 94538
Granite State Insurance Company, Att: Bond Dept., 39120 Agonavt Way, Ste. 167, Freemont, CA 94538